Mary Jo O'Neill  AZ Bar No. 005924
Sally C. Shanley AZ Bar No. 012251
Michelle G. Marshall AZ Car No. 017358
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5020
Fax:  602-640-5009
Email:  michelle.marshall@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | CIV |
| vs. | ) ) | Complaint |
| OSI Restaurant Partners, Inc., a Delaware corporation, d/b/a Fleming's Prime Steakhouse and Wine Bar; Fleming's Westcoast-I, Limited Partnership; Outback/Fleming's, LLC, a Delaware corporation; Outback Steakhouse of Florida, Inc., | ) ) ) ) ) ) ) ) ) | (Jury Demand) |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to John Pilkington and a class of males who were adversely affected by such practices during their employment with Defendants OSI Restaurant Partners, Inc.; Fleming's Westcoast-I, Limited Partnership; Outback/Fleming's, LLC; and Outback Steakhouse of Florida, Inc., all doing business as Fleming's Prime Steakhouse and Wine Bar (collectively, "Defendants").   The Commission alleges that John Pilkington and a class of males were subjected to sexual harassment by male supervisors, including

suffering demeaning touching of intimate body parts as well as unwelcome sexual comments, which created a hostile work environment for them because of their sex, male. The Commission also alleges that Defendants retaliated against John Pilkington by terminating his employment because he complained about the sexual harassment.

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

<u>PARTIES</u>

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Fleming's Westcoast-I, Limited Partnership has continuously been a limited partnership, doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Fleming's Westcoast-I, Limited Partnership has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

6.    At all relevant times, Defendant OSI Restaurant Partners, Inc.; has continuously been a Delaware corporation doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

7.    At all relevant times, Defendant OSI Restaurant Partners, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

8.    At all relevant times, Defendant Outback/Fleming's, LLC has continuously been a Delaware corporation doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

9.    At all relevant times, Defendant Outback/Fleming's, LLC has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

10.    At all relevant times, Defendant Outback Steakhouse of Florida, Inc. has continuously been a Florida corporation doing business in the State of Arizona and the City of Scottsdale, and has continuously had at least 15 employees.

11.    At all relevant times, Defendant Outback Steakhouse of Florida, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

12.    More than thirty days prior to the institution of this lawsuit, Jonathan Pilkington filed a charge with the Commission alleging violations of Title VII by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

13.    Since at least January 2003, Defendants have engaged in unlawful employment practices at their Scottsdale, Arizona facility in violation of Section

703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) because of sex.  These practices include the harassment of Mr. Pilkington and a class of male employees, which created a hostile work environment, because of their sex, male, including but not limited to the following:

a)  management officials grabbing and touching the genitals of male employees; and

b)  management officials touching the buttocks of male employees.

14.    In approximately January 2005, Defendants engaged in unlawful employment practices at their Scottsdale, Arizona facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Mr. Pilkington by terminating his employment because he opposed practices made unlawful by Title VII.

15.    The effect of the practices complained of in paragraphs 13-14 above has been to deprive Mr. Pilkington and a class of males of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, male.

15.    The unlawful employment practices complained of in paragraphs 13-14 above were intentional.

16.    The unlawful employment practices complained of in paragraphs 13-14 above were done with malice and/or with reckless indifference to the federally protected rights of Mr. Pilkington and other male employees of Defendants.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for men and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole Jonathan Pilkington and the class of males, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.    Order Defendants to make whole Jonathan Pilkington and the class of males by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-14 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.    Order Defendants to make whole Jonathan Pilkington and the class of males by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-14 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F.    Order Defendants to pay Jonathan Pilkington and the class of males punitive damages for their malicious and/or reckless conduct described in paragraphs 13-14 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

<u>JURY TRIAL DEMANDED</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 30th day of March, 2007.

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C.  20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

s/ Michelle G. Marshall
MICHELLE G. MARSHALL
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5020

Attorneys for Plaintiff