**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>  vs.<br><br>OSI Restaurant Partners, Inc., et al.,<br><br>　　　　Defendants. | No. CIV 07-683-PHX-SMM<br><br>**ORDER** |

Pursuant to the parties' Stipulation for Entry of Protective Order Regarding Medical/Mental Health Information (Dkt. 52), and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

**A.    INFORMATION SUBJECT TO THIS PROTECTIVE ORDER**

　　　1.   All information disclosed by the Parties, their employees, professional advisors, and experts in this action through the course of discovery, which has been designated as "Confidential Information," as defined below, shall be subject to this Protective Order entered pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure.

　　　2.   "Confidential Information" as used herein means any type or classification of records regarding the medical and/or mental health of Jon Pilkington and/or any other person designated as a class member in this action, whether it be a document, information contained in a document, information revealed in an interrogatory answer or information revealed in a disclosure statement.

1. 3. The Parties shall designate any information regarding Jon Pilkington and/or any other persons designated as class members' medical and/or mental health as Confidential Information. Confidential Information shall be designated by marking the initial page "CONFIDENTIAL" and/or designating in writing, by reference to Bates numbers, "CONF ####." The parties shall not be deemed to have waived any right to designate documents as confidential by allowing inspection of such documents prior to a designation of such documents as confidential under this Order. In lieu of marking the original documents, the parties may mark in this manner the copies that are produced or exchanged.

4. "Qualified person" as used herein means:

    a. Jon Pilkington, persons designated as class members, and the parties to this action, through their corporate officers, directors, employees and insurance representatives;

    b. Counsel of record in this action and employees of such counsel to whom it is necessary that the material be shown for purposes of these actions;

    c. Experts and consulting experts consulted solely for purposes of this action by counsel for a party to this action;

    d. Mediators, facilitators, or other persons retained by the Parties to assist in settlement negotiations.

    e. Any other person(s) who all Parties' stipulate to be a qualified person as defined herein;

    f. Stenographers retained to record testimony in this action; and

    g. Any other person who is designated as a qualified person by order of the Court, after notice to the other parties.

5. Any information or document designated as confidential, or information as to the source of such Confidential Information or document, shall not be made available to persons other than qualified persons or the party who produced the Confidential Information.

6. Each qualified person to whom Confidential Information is disclosed or communicated shall use such information or document solely for the purpose of preparing for and conducting the above-captioned litigation, and such information or documents shall

not be used for any other purpose. Each qualified person to whom Confidential Information or documents are disclosed shall be advised that the information or documents are being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

7. The inadvertent or unintentional disclosure by any party of Confidential Information shall not be deemed a waiver in whole or in part of Plaintiff's claim of confidentiality, either as to the specific information disclosed or as to other information relating thereto or to the same or related subject matter.

8. In the event that any party to this action disagrees at any stage of this proceeding with the designation by a party of any information as confidential, the party shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may contact the Court and request a telephonic discovery dispute as set forth in the Scheduling Order. (Dkt. 28, Order dated Mar. 11, 2008 4:21-5:3.)

**B.     RETENTION OF CONFIDENTIAL INFORMATION**

The attorneys for the parties are directed to retain information designated "Confidential Information" in their custody and control and to take the necessary precautions to prevent persons not qualified persons as defined herein from obtaining access to such information.

**C.     THIRD PARTY REQUESTS**

In the event that, in some other action or proceeding, a party to this case is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules, or regulations) to disclose any information designated "Confidential Information" pursuant to this Stipulated Protective Order by some other party, that party to this case shall take all reasonable steps to prevent disclosure thereof or, if disclosure is required, to see that it occurs only pursuant to a reasonable protective order.

//

**D.   TRIAL**

The treatment of Confidential Information at trial shall be addressed by the Court and the parties in connection with the joint pretrial order.

**E.   LIMITATIONS**

This Protective Order shall not affect:

1. Jon Pilkington or individuals designated as class members' right to freely use medical and/or mental health information about himself for reasons outside of this litigation;

2. Any party's right to seek (i) an order compelling discovery with respect to any discovery demand or (ii) an order protecting the party from having to disclose information in response to a discovery demand; or

3. Any party's right to object to the admissibility of any information on any ground.

**F.   FILING UNDER SEAL**

Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using it shall cause it to be separately filed under seal with the Clerk of the Court. All items which contain Confidential Information as defined herein to be filed with the Court shall be submitted or filed in accordance with the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, Section I(1). While the Confidential Information must be filed under seal, motions, responsive memoranda, and reply memoranda, which cite to or reference the Confidential Information, need not be filed under seal. Also deposition transcripts reflecting testimony about Confidential Information need not be filed under seal.

DATED this 4th day of August, 2008.

Stephen M. McNamee
United States District Judge